

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| SHARON GRANT COAKLEY, | § § | |
| Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 8:15-02788-MGL-JDA |
| CAROLYN W. COLVIN, Acting Administrator of Social Security Administration, | § § § § § | |
| Defendant. | § § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE ACTION

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this matter be reversed and remanded for further administrative action under sentence four of 42 U.S.C. § 405(g). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 29, 2016.  ECF No. 22.  Defendant filed a Reply on December 16, 2016, stating she would decline filing objections to the Report.  ECF No. 23.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court this matter is **REVERSED AND REMANDED** for further administrative action under sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Signed this 19th day of December 2016 in Columbia, South Carolina.

                                              s/Mary Geiger Lewis  
                                              MARY GEIGER LEWIS  
                                              UNITED STATES DISTRICT JUDGE